**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LUIGI AMASINO, | : |
| | : |
|        **Plaintiff** | :  **CASE NO. 3:25-cv-01399-VDO** |
| | : |
|        v. | : |
| | : |
| YALE NEW HAVEN HEALTH | : |
| HOSPITAL, | |
| | : |
| | : |
|        **Defendant.** | :  **DECEMBER 1, 2025** |
| | : |

### ANSWER AND AFFIRMATIVE DEFENSES

As its Answer to the Complaint filed on behalf of Luigi Amasino ("Plaintiff") in the above-captioned case, Defendant Yale New Haven Hospital ("YNHH" or "Defendant") admits, denies, and alleges as follows.

**I.       PRELIMNARY STATEMENT**

1.       The allegations in Paragraph 1 consist of a characterization of the claims in this matter to which no response is required.  To the extent a response is required, Defendant denies that such claims have any merit.

**II.      JURISDICTION AND VENUE**

2.       The allegations in Paragraph 2 consist of a characterization of the claims in this matter to which no response is required.  To the extent a response is required, Defendant is not contesting jurisdiction in this matter

### III.        STATEMENT OF FACTS

3.        Defendant admits the Plaintiff's name as indicated and his address based upon information and belief.  Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations of this Paragraph, and therefore, leaves Plaintiff to his proof.

4.        Defendant denies the allegation in Paragraph 4 that his job application made reference to his place of birth.  Defendant lacks sufficient information or belief upon which to admit or deny the remaining allegations of this Paragraph, and therefore, leaves Plaintiff to his proof.

5.        Denied except to admit that Nick Proto, who is of Italian descent, was made aware by Plaintiff that Plaintiff was also Italian.

6.        Admitted.

7.        Admitted, except Plaintiff's official title was Senior Project Service Patrol Officer.

8.        Admitted that Plaintiff's employment was terminated on June 20, 2024.  The remaining allegations of this Paragraph are denied.

9.        Denied as drafted.

10.        Denied as drafted.

11.        Admitted.

12.        Admitted that Plaintiff utilized the internal grievance process.

13.        Denied as drafted.

14.        Denied.

15.        Denied as drafted except to admit that in his role reviewing Plaintiff's grievance at the first step, Caruso upheld Plaintiff's separation from employment.

16.        Denied as drafted.

17.     Admitted that this language was part of the letter identified.

18.     Admitted that the September 3, 2024 letter to Plaintiff included the language indicated; the remainder of this Paragraph is denied as drafted.

19.     Denied.

20.     Defendant lacks sufficient information or belief upon which to admit or deny the allegations of this Paragraph as Plaintiff does not indicate the date on which the alleged email was sent.

21.     Defendant lacks sufficient information or belief upon which to admit or deny the allegations of this Paragraph as Plaintiff does not indicate the date on which the alleged email was sent.  Answering further, Defendant refers to the terms of the Use of Force Policy then in effect.

22.     Denied as drafted.

23.     Defendant lacks sufficient information or belief upon which to admit or deny the allegations of this Paragraph as Plaintiff does not indicate the date on which the alleged bulletin was issued.

24.     Denied as drafted.

25.     Defendant lacks sufficient information or belief upon which to admit or deny the allegations of this Paragraph, and therefore, leaves Plaintiff to his proof.

26.     Admitted.

27.     Denied as drafted.

28.     Denied.

29.     Denied as drafted.

30.    Admit that the Release of Jurisdiction dated May 30, 2025 was issued to Plaintiff. The remainder of this Paragraph contains a legal conclusion to which Defendant makes no response.

**COUNT ONE:  TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (RACE/ETHNICITY DISCRIMINATION)**

1-30.    Defendant incorporates its responses to Paragraphs 1 through 30 as though fully set forth herein.

31.    Denied.

32.    Denied.

**COUNT TWO:    CONNECTICUT    GENERAL    STATUTES    46a-60 (RACE/ETHNICITY DISCRIMINATION)**

1-30.    Defendant incorporates its responses to Paragraphs 1 through 30 as though fully set forth herein.

31.    Denied.

32.    Denied.

**COUNT THREE:    TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (NATIONAL ORIGIN DISCRIMINATION)**

1-30.    Defendant incorporates its responses to Paragraphs 1 through 30 as though fully set forth herein.

31.    Denied.

32.    Denied.

**COUNT FOUR:    CONNECTICUT GENERAL STATUTES 46a-60 (NATIONAL ORIGIN DISCRIMINATION)**

1-30.    Defendant incorporates its responses to Paragraphs 1 through 30 as though fully set forth herein.

31.    Denied.

32.    Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff has stated cognizable claims, or is otherwise entitled to any relief whatsoever, including the relief set forth in the Complaint's Prayer for Relief.

## DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims fail in whole or in part by his failure to sufficiently mitigate his damages.

3.    Each and every decision regarding which Plaintiff complains as was made by Defendant was based on legitimate, non-discriminatory business reasons.

4.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

DEFENDANT,

YALE NEW HAVEN HOSPITAL

By: */s/ Mary A. Gambardella*____
Caroline B. Park (ct29049)
cpark@wiggin.com
Mary A. Gambardella (ct05386)
mgambardella@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
265 Church Street
New Haven, CT  06508
P: (203) 498-4317
F: (203) 782-2889